UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
      **Plaintiff**

v.                          Case Number 8:07CR203-001

                                       USM Number 21609-047

**RICHARD WIRTH**
      **Defendant**

                                       JOSEPH L.  HOWARD

                                       Defendant's Attorney

_____

### AMENDED JUDGMENT IN A CRIMINAL CASE

**Date of Original Judgment:** 09/06/2007 (Or Date of Last Amended Judgment)

**Reason for Amendment:** Correction of Sentence on Remand (Fed.R. Crim. P. 35(a))

**THE DEFENDANT** pleaded guilty to count I of the Information on June 6, 2007.

**ACCORDINGLY,** the court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:371 - CONSPIRACY | October 14, 2004 | I |

The Defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the Defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the Defendant shall notify the court and United States attorney of any material change in the Defendant's economic circumstances.

                                                           Date of Imposition of Sentence:
                                                                July 13, 2009

                                                                  s/Laurie Smith Camp
                                                            United States District Judge

                                                                  July 15, 2009

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 months**. This sentence takes into account the 36 months incarceration the defendant served in Douglas County (NE) District Court Dkt. #164-509, paragraph #71 of the 2nd Revised Presentence Investigation. This is not a departure and is imposed pursuant to U.S.S.G. § 5G1.3(b)(1), (2), and (4).

The Court makes the following recommendations to the Bureau of Prisons:

1. That the Defendant participate in the 500-hour Comprehensive Drug Treatment Program or any similar drug treatment program available.

2. Defendant shall be given credit for time served.

The Defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____  
Signature of Defendant

## RETURN

It is hereby acknowledged that the Defendant was delivered on the _____ day of _____,

_____ to _____, with a certified copy of this judgment.

_____  
UNITED STATES WARDEN  
By:_____

**NOTE: The following certificate must also be completed if the Defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the Defendant this _____ day of

_____, _____

_____  
UNITED STATES WARDEN  
By:_____

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **3 years.**

The Defendant shall report to the probation office in the district to which the Defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The Defendant shall not commit another federal, state or local crime.

The Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The Defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the Defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The Defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The Defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The Defendant shall support his or her dependents and meet other family responsibilities;
5. The Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the Defendant shall notify third parties of risks that may

be occasioned by the Defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. Paragraph # 7 of the Standard Conditions of supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the Defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

3. The Defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the Defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The Defendant shall participate in a victim awareness program as directed by the probation officer. Based on the Defendant's ability to pay, the Defendant shall pay for the costs of the program in an amount determined by the probation officer.

5. The Defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the probation officer.

6. The Defendant shall provide the probation officer with access to any requested financial information

7. The Defendant shall maintain proper debit, credit, and receipt ledgers for all business and personal transactions.  These records shall be made available as requested by the probation officer.

8. Defendant shall not make application for any loan, enter into any credit arrangement, or enter into any residential or business lease agreement without approval of the probation officer.

9. Pursuant to 18 U.S.C. § 3583 (d), the Defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the Defendant is using a controlled substance.  Further, the Defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled substances in the Defendant's body fluids and to determine whether the Defendant has used any of those substances.  Based on the Defendant's ability to pay, the Defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances in an amount to be determined by the probation officer.

10. The Defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement, and, thereafter, as directed by the probation officer.

# CRIMINAL MONETARY PENALTIES

The Defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 (paid) | | $66,278.27 |

The Court has determined that the Defendant does not have the ability to pay interest and it is ordered that:

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$66,278.27** is hereby ordered. The Defendant shall make restitution to the following payees in the amounts listed below. Balance due as of July 13, 2009 is $62,670.63.

If the Defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Finish Line | $695.38 | $643.25 | Priority Order/Percentage |
| Certegy Check Services | $8,659.76 | $8,432.56 | Priority Order/Percentage |
| First National Bank | $400.00 | $390.75 | Priority Order/Percentage |
| GAP | $257.86 | $252.38 | Priority Order/Percentage |
| El Alteno | $5392.28 | $5250.60 | Priority Order/Percentage |
| Centris | $1,894.60 | $1,845.70 | Priority Order/Percentage |
| Bluffs Run | $3,936.49 | $3,833.42 | Priority Order/Percentage |
| Kum and Go | $36.18 | $35.21 | Priority Order/Percentage |
| Hy-Vee | $212.94 | $208.65 | Priority Order/Percentage |

| | | | |
|---|---|---|---|
| J.C. Penney | $934.35 | $910.93 | Priority Order/Percentage |
| Bag and Save | $208.22 | $204.06 | Priority Order/Percentage |
| Bakers | $15,966.24 | $15,545.42 | Priority Order/Percentage |
| Harrahs | $200.00 | $196.06 | Priority Order/Percentage |
| K-mart | $559.68 | $546.19 | Priority Order/Percentage |
| Millard Road House | $60.23 | $59.99 | Priority Order/Percentage |
| Radio Shack | $392.46 | $383.41 | Priority Order/Percentage |
| Ricks Convenience Store | $41.14 | $40.04 | Priority Order/Percentage |
| SAC Federal Credit Union | $388.37 | $379.43 | Priority Order/Percentage |
| So Ho | $267.34 | $261.61 | Priority Order/Percentage |
| Target | $159.10 | $156.32 | Priority Order/Percentage |
| Tele Check | $100.00 | $98.76 | Priority Order/Percentage |
| Tri-Antiques | $506.50 | $491.51 | Priority Order/Percentage |
| U.S. Bank | $4,051.02 | $3,944.92 | Priority Order/Percentage |
| Walgreens | $526.83 | $514.88 | Priority Order/Percentage |
| Wal-Mart | $11,658.93 | $11,351.01 | Priority Order/Percentage |
| Wells Fargo | $10,581.51 | $10,301.21 | Priority Order/Percentage |
| **Totals** | $68,087.41 | $66,278.27 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

The special assessment in the amount of $100.00 is paid in full.

The criminal monetary penalty is due in full on the date of the judgment. The Defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the Defendant's term of incarceration, the Defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program. Using such Program, the Defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the Defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 7% of the Defendant's gross income, whichever is greater; (b) the first payment shall commence 60days following the Defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the Defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court. Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The Defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The Defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

**Restitution is hereby ordered jointly and severally with: Raymond D. Hartz, Welsa Potts, Joshua Putnam, Stacy Cook case 8:07CR187; Jean Long-Wirth, 8:07CR207; and Joseph Young, 8:07CR161.**

CLERK'S OFFICE USE ONLY:
ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk